UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

AHMAD GHASIMI,

    Plaintiff,

v.

BACKSTRETCH-SOUTH FLORIDA, LLC,
d/b/a/ ELEMENTS MASSAGE, and
LOUISE CASPER, individually

    Defendants.

_____/

## COMPLAINT

Plaintiff, AHMAD GHASIMI ("Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, BACKSTRETCH-SOUTH FLORIDA, LLC d/b/a ELEMENTS MASSAGE and LOUISE CASPER, (hereinafter, "ELEMENTS", "CASPER" or collectively, "Defendants" and states:

## JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter the "FLSA" or the "Act"), Florida Workers' Compensation Law, pursuant to Florida Statutes § 440.205, Private Whistleblower Protection Act ("FWA"), pursuant to Florida Statutes §448.101, §448.102, and the Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff GHASIMI is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a massage therapist. Plaintiff was, therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. Defendant ELEMENTS is a Florida Profit Corporation, registered to do business within Florida, with its principal place of business in Coral Springs, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within Broward County and is subject to the laws of the State of Florida.

7. Specifically, Defendant ELEMENTS is a Massage Center, and its employees, including Plaintiff, regularly handled goods that were transported across state lines.

8. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

9. ELEMENTS, upon knowledge and belief, has gross revenue that exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. ELEMENTS is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

10. Defendant CASPER, who resides in the Southern District of Florida, was, or now is, an owner and/or operator of ELEMENTS.

11. Defendant CASPER acted and acts directly in the interests of ELEMENTS in relation to its employees. CASPER had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of ELEMENTS. Thus, CASPER was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

12. Plaintiff is an employee as defined by the FLSA because the Defendants controlled when Plaintiff worked, all cash flow, the amount charged to each client, the customer distribution, the way Plaintiff performed his services, and virtually every other aspect of the business.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendants as a massage therapist from April 13, 2022, until his termination on or about February 6, 2023.

14. Plaintiff was compensated on a "per-massage basis" at a rate of $23.00 per hourly session; his primary job responsibility was providing massage therapy for clients, and he was to receive cash and credit card tips left from clients.

15. The front desk regularly failed to give Plaintiff the tips clients gave him.

16. Plaintiff informed Defendant CASPER, the company's owner, and his supervisor – Sharon – that there was an issue with the front desk regarding his tips. Plaintiff also requested Defendants to pay him his earned tips.

17. Defendants, however, brushed off Plaintiff's concern and request and informed him that his tips were "misplaced" or "had not been paid over".

18. Plaintiff is a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

19. During his employment with Defendants, Plaintiff regularly worked an average of approximately forty-five (45) to fifty (50) hours per week but only received payment for the hours Plaintiff spent treating clients.

20. When there were no clients or when Defendants did not assign Plaintiff a client, which occurred regularly, Defendants required Plaintiff to remain on the premises for the full work day.

21. Additionally, Plaintiff is ninety-eight percent (98%) blind in his right eye, as he suffers from Optic Nerve Coloboma.

22. Plaintiff, because of his visual impairment, had to transcribe his patient notes into the Subjective, Objective, Assessment and Plan (SOAP) at home because he was unable to see with the computer at work.

23. Defendants failed to compensate Plaintiff for the time spent transcribing clients' notes at home.[1]

24. At all times pertinent to this action, Defendants failed to comply in that Plaintiff performed services for Defendants for which Plaintiff was not paid at least the prevailing minimum wage for all hours worked.

---

1. Plaintiff has filed a dual ADA charge with the EEOC and the FHRC.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

26. The Defendants and their representatives knew that Plaintiff was working overtime and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. In the course of employment with Defendants, Plaintiff worked the number of hours required of him but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

29. Plaintiff averaged approximately forty-five (45) to fifty (50) hours per week during his employment with Defendants.

30. Additionally, during Plaintiff's employment with Defendants, Plaintiff was often asked to perform lewd acts with requesting customers by the Defendants.

31. Defendants reasoned that these customers would bring more income into the business.

32. In one specific instant, Plaintiff was asked to massage a female client, whom he believed was under the influence of drugs. The client requested Plaintiff to perform some lewd acts with her but Plaintiff refused.

33. The client complained to Defendant CASPER about Plaintiff's refusal. Defendant CASPER then compensated the client with a free massage and reprimanded Plaintiff.

34. Specifically, Defendant CASPER told Plaintiff that he was costing her money and that he was "on a thin landing strip".

35. In another instant, Defendant CASPER assigned a male client to Plaintiff.

36. The client, when entered the room, stripped out of his clothes and told Plaintiff that "he was not here for a massage".

37. When Plaintiff refused to comply with the client's proposal, the client complained to Defendant CASPER.

38. Defendant CASPER then berated Plaintiff, stating "Your PTSD is costing me money!"

39. Plaintiff reasonably believed that performing lewd acts with requesting clients is illegal conduct prohibited by the Florida Massage Act. Specifically, section 480.0485 of the Florida Massage Act prohibits massage therapists from engaging in sexual activity with the client outside the scope of treatment.

40. Plaintiff tried to raise his concerns with Defendant CASPER, who was the owner of ELEMENTS, over violations of Florida laws. Defendant CASPER brushed him off each time and instead was not pleased with Plaintiff's refusal to comply with clients' lewd requests.

41. Meanwhile, Plaintiff also complained to Defendant CASPER and his supervisor – Sharon – multiple times regarding unsafe working conditions. Specifically, the massage tables Defendants had at the premises had loose legs, resulting in a lack of balance and thus, posed a safety hazard.

42. On or about February 4, 2023, Plaintiff, while providing massage therapy service for a client on a table with loose legs, fell and injured his finger and ribs.

43. Plaintiff immediately informed his supervisor at the time, Sharon, of his injuries. However, Sharon ignored Plaintiff.

44. When Plaintiff returned to work the next day, on or about February 5, 2023, he once again tried to communicate with Sharon about the injuries he sustained while at work. Once again Plaintiff was ignored.

45. The next day, on or about February 6, 2023, Plaintiff received a call from Defendant CASPER informing him that he was terminated.

46. There is no legal, non-discriminatory reason for Defendants' decision to terminate Plaintiff.

47. Prior to Plaintiff's injury at work and attempts to discuss with Defendant about his injuries, Plaintiff's work performance was exemplary.

48. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

49. Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

## COUNT I: PRIVATE WHISTLEBLOWER PROTECTION ACT
## (AGAINST DEFENDANT ELEMENTS)

50. Plaintiff re-alleges and re-avers paragraphs 1 – 14; 30 – 49 as fully set forth herein.

51. This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102, in taking retaliatory personnel action against Plaintiff for objecting to and refusing to participate in the violation of Florida statutes and regulations.

52. Plaintiff objected to and refused to participate in Defendant ELEMENTS's practice of offering and engaging in lewd acts with clients, in violation of the Florida Massage Act.

53. Plaintiff also objected to Defendant ELEMENTS's practice of not maintaining a safe workplace by refusing to replace and/or fix massage tables that had loose legs that could pose as a safety hazard.

54. Defendant ELEMENTS, through its supervisor and owner, ignored Plaintiff's objections and refusal to participate in its unlawful practice and eventually terminated Plaintiff.

55. As a direct result of Plaintiff's objections to and/or refusal to participate in violations of Florida statutes and regulations, Plaintiff was terminated.

56. During his employment with Defendant ELEMENTS, Plaintiff's work performance was exemplary prior to his objection and/or refusal to participate in Defendants' unlawful practice.

57. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action against him for objecting to and/or refusing to participate in violations of Florida statutes and regulations.

58. By reason of Defendant ELEMENTS's effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

59. Defendant ELEMENTS's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under Florida's Private Whistleblower Protection Act.

WHEREFORE, Plaintiff AHMAD GHASIMI requests judgment as follows:

    a. Compensation to Plaintiff for lost wages, benefits, other remuneration pursuant to Fla. Stat. §448.103(2)(d);

    b. Reinstatement to the same or an equivalent position at the rate of pay and with the full benefits before the retaliatory personnel action pursuant to Fla. Stat. §448.103(2)(b)-(c); or in lieu of reinstatement, front pay;

    c. Assessment against Defendant of reasonable costs and attorney's fees for this action pursuant to Fla. Stat. §448.104; and

    d. Such other and further relief as the Court deems just and proper.

## COUNT II: VIOLATION OF FLORIDA WORKER'S COMPENSATION LAWS
## (AGAINST DEFENDANT ELEMENTS)

60. Plaintiff re-alleges and re-avers paragraphs 1 – 14; 41 – 49 as fully set forth herein.

61. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

62. On or about February 4, 2023, Plaintiff suffered an on-the-job injury and immediately reported the injury to his supervisor.

63. However, Plaintiff's supervisor ignored him. Plaintiff's supervisor continued to ignore him the next day as well when Plaintiff attempted to discuss his valid claim for worker's compensation with her.

64. The day after Plaintiff attempted to discuss his worker's compensation claim with his supervisor, Plaintiff received a call from Defendant CASPER who then terminated him.

65. Plaintiff timely sought workers' compensation benefits in accordance with the provisions of the Workers' Compensation Law.

66. Defendant terminated Plaintiff because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's valid claim for compensation was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

67. Plaintiff's work record with Defendant prior to him seeking workers' compensation benefits was satisfactory.

68. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

69. The purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff AHMAD GHASIMI requests judgment for:

a. Plaintiff's lost wages and/or benefits as a result of his termination;

b. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c. Interest on the amount found due;

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action as permitted by Florida statutes;

e. Such other relief this Court deems just and proper

## COUNT III: VIOLATION OF FLSA/OVERTIME
## (AGAINST ALL DEFENDANTS)

70. Plaintiff re-alleges and re-avers paragraphs 1 – 14; 18 – 29; 48 – 49 as fully set forth herein.

71. During the course of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates for which they were employed.

72. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked an average of approximately forty-five (45) to fifty (50) hours per week but only received payment for the hours Plaintiff spent treating clients.

73. Plaintiff was only paid for the time he spent treating clients and not for the time Defendants required Plaintiff to remain on the premises when there was no client and the time Plaintiff spent inputting clients' data into the system for Defendants at home.

74. Plaintiff is an employee as defined by the FLSA because the Defendants controlled when GHASIMI worked, all cash flow, the amount charged to each client, the customer distribution, the way GHASIMI performed his services, and virtually every other aspect of the business.

75. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee.

76. Defendant has knowingly and willfully failed to pay Plaintiff at time and one-half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

77. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

78. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

79. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff AHMAD GHASIMI demands judgment for:

a. Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b. Interest on the amount found due;

c. Liquidated damages;

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

## COUNT IV: UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

80. Plaintiff re-alleges and re-avers paragraphs 1 – 29; 48 – 49 as fully set forth herein.

81. Plaintiff and Defendants entered into a compensation agreement whereby Plaintiff was to perform services as a Massage Therapist in exchange for payment from Defendants.

82. Plaintiff was to be compensated on a "per-massage" basis at a rate of $23.00 per hourly massage, his main job responsibility was to provide massages for clients; he was also to receive tips left for him from clients.

83. Plaintiff often did not receive the tips client left for him at the front-desk. When Plaintiff requested Defendants to pay him his earned tips, Plaintiff was told that his tips were "misplaced" or "had not been paid over".

84. Furthermore, Defendants knew that Plaintiff worked approximately forty-five (45) to fifty (50) hours per week during his employment with Defendants, yet Defendants only paid Plaintiff for the hours he spent treating clients.

85. Defendant also failed to pay Plaintiff for any hours he spent inputting clients' data into the system for Defendants at home.

86. As a result of Defendants' failure to compensate Plaintiff properly, Plaintiff has suffered monetary damages.

87. Plaintiff is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

WHEREFORE, Plaintiff AHMAD GHASIMI requests judgment as follows:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. §448.08; and

c. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff AHMAD GHASIMI hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: January 19, 2024

                                                   LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:  /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
NHU CAO, Esq.
Fla. Bar #1050344
nhu@icelawfirm.com